10-3819 (L); 12-3086
Chen; Chen v. Sessions

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand seventeen.

PRESENT:

> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> *Circuit Judges.*

_____

| | |
|---|---|
| HUAN CHEN, AKA MU YANG PAN, CHENG JIANG, AKA CHANG JANG v. SESSIONS, A090 347 477/478 | 10-3819(L), 11-2004(Con) |

_____

| | |
|---|---|
| ZHONG DUAN CHEN v. SESSIONS, A073 178 857 | 12-3086 |

_____

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

These petitions challenge BIA decisions that reversed grants of asylum by Immigration Judges ("IJ"), and declined to reopen or remand to raise new bases for asylum. The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008); *see also Wu Lin v. Lynch*, 813 F.3d 122, 129 (2d Cir. 2016).

Petitioners, all natives and citizens of China, applied for asylum and sought reopening based on claims that they fear persecution because they have violated China's population control program with the birth of their children in the United States. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d at 156-73, we find no error in the BIA's determination on *de* novo review that Petitioners failed to demonstrate an objectively reasonable fear of persecution based on the birth of their children in the United States.

Insofar as Petitioners' motions to reopen and remand were based on their practice of religion or Falun Gong in the United States, the BIA did not err in finding that they failed to demonstrate their prima facie eligibility for relief. The Petitioners did not submit evidence that Chinese authorities are aware of, or likely to become aware of, their practices.

2

*See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *see also Jian Hui Shao*, 546 F.3d at 168.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stays of removal that the Court previously granted in these petitions are VACATED, and any pending motions in these petitions are DISMISSED as moot. Any pending requests for oral argument in these petitions are DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10242016-7-8